UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Stefanie Woods**, | |
| Plaintiff, | Case No. |
| v. | |
| **Credit Control, LLC**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Stefanie Woods** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Credit Control, LLC** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Michigan and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Michigan.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Rockford, Michigan 49341.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Beginning in or around April 2017 and continuing through around February 2018, Defendant repeatedly called Plaintiff on her cellular telephone.

13. Defendant contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew that Defendant's calls were automated calls as the calls would start with a pause or delay before being connected with Defendant's live representatives.

15. Plaintiff knew the calls were coming from Defendant because the persons and/or recordings on the line stated the company's name.

16. Within the first few calls around April 2017, Plaintiff told Defendant she did not wish to be contacted.

17.     On subsequent calls through, Plaintiff repeated her instruction to Defendant not to call.

18.     Defendant heard and acknowledged Plaintiff's instruction to stop calling.

19.     Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff multiple times per week through to February 2018.

20.     Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

21.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23.     Defendant initiated repeated calls to Plaintiff's cellular telephone.

24.     Defendant initiated these calls to Plaintiff using an automatic telephone dialing system.

25.     Defendant's calls to Plaintiff's cellular telephone were not made with Plaintiff's prior express consent.

26.     Defendant's calls to Plaintiff's cellular telephone were not made for emergency purposes.

27.     Defendant's conduct violated the TCPA by placing repeated calls using an automatic telephone dialing system voice to Plaintiff's cellular telephone.

28. The TCPA provides that where a defendant willfully or knowingly violated the TCPA or regulations prescribed thereunder, the Court may impose treble damages. 47 U.S.C. § 227(b)(3).

29. When Defendant called Plaintiff from around April 2017 through around February 2018, it knew no later than Plaintiff's first instruction to stop calling that it did not have prior express consent to call Plaintiff.

30. When Defendant called Plaintiff from around April 2017 through around February 2018, it knew it was placing calls to Plaintiff's cellular telephone.

31. Defendant's violation of the TCPA was therefore either willful or knowing starting no later than the date of Plaintiff's first instruction to stop calling.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to injunctive relief and an award of statutory, actual, and treble damages.

**Wherefore**, Plaintiff, **Stefanie Woods**, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

e. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Stefanie Woods**, demands a jury trial in this case.

Respectfully submitted,

Dated: April 2, 2018                    By: *s/ Joseph C. Hoeffel*
Joseph C. Hoeffel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: jhoeffel@creditlaw.com